1   DAMIAN M. MOOS, Bar No. 240030
    damian.moos@bbklaw.com
2   NICHOLAS H. PYLE, Bar No. 272466
    nicholas.pyle@bbklaw.com
3   DAMIAN A. NORTHCUTT, Bar No. 258183
    Damian.Northcutt@bbklaw.com
4   BEST BEST & KRIEGER LLP
    18101 Von Karman Avenue
5   Suite 1000
    Irvine, California  92612
6   Telephone:      (949) 263-2600
    Facsimile:      (949) 260-0972
7
    Attorneys for Defendants
8   THE CITY OF ST. HELENA; PLANNING AND
    BUILDING DIRECTOR MAYA DEROSA; MAYOR
9   GEOFF ELLSWORTH; CITY ATTORNEY ETHAN
    WALSH
10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14   PACASO INC., PAC 6 CA 2021 LLC, PAC 5          Case No. 3:21-CV-02493 WHO
     CA 2021 LLC, PAC 2 CA 2021 LLC, Napa
15   120 LLC, SIMON BULL and THE BULL             **DEFENDANTS' ANSWER TO**
     FAMILY TRUST, TONY ATHANS, MARY              **PLAINTIFFS' FIRST AMENDED**
16   ATHANS and THE ANTONY JOHN                   **COMPLAINT**
     ATHANS REVOCABLE TRUST & MARY
17   LIAPIS ATHANS REVOCABLE TRUST,               Action Filed:      April 6, 2021
     CHAD AMMON, JONATHAN YOUNG and
18   AMMON-YOUNG REVOCABLE TRUST,
     DATED 8/12/16, TAYLOR LOPEZ,
19   CHELSEA LOPEZ, and WILLIAM TREVOR
     GILLESPIE,
20
                 Plaintiffs,
21
            v.
22
     THE CITY OF ST. HELENA; PLANNING &
23   BUILDING DIRECTOR MAYA DEROSA;
     MAYOR GEOFF ELLSWORTH; CITY
24   ATTORNEY ETHAN WALSH; and DOES 1-
     5,
25
                 Defendants.
26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1    Defendants, CITY OF ST. HELENA ("City"), PLANNING & BUILDING DIRECTOR

2   MAYA DEROSA; MAYOR GEOFF ELLSWORTH; CITY ATTORNEY, and CITY

3   ATTORNEY ETHAN WALSH (collectively the "City Defendants") hereby answer Plaintiff

4   PACASO INC.'s, et al. (collectively "Plaintiffs") First Amended Complaint for: (1) Declaratory

5   Judgment: Exemption from Chapter 17.138 'Time Share Uses' and Sections 17.138.060 to Title

6   17, Zoning, of the St. Helena Municipal Code, and Deleting Section 17.112.130 from the

7   Municipal Code; (2) Declaratory Judgement: Inapplicability of Chapter 17.138; (3) Selective

8   Enforcement; (4) Invalid Use of Municipal Authority; (5) Preemption; (6) Due Process Violation;

9   (7) Unconstitutionally Overbroad; and (8) Violation of the Right of Privacy ("Complaint"), as

10  follows:

## **INTRODUCTION**

12       1.      In answering Paragraph 1, City Defendants deny each and every allegation in

13  Paragraph 1.

14       2.      In answering Paragraph 2, City Defendants deny each and every allegation in

15  Paragraph 2.

16       3.      In answering Paragraph 3, City Defendants are without sufficient knowledge or

17  information to form a belief as to the truth of the allegations contained therein, and on that basis,

18  deny each and every allegation in Paragraph 3.

19       4.      In answering Paragraph 4, City Defendants deny each and every allegation in

20  Paragraph 4.

21       5.      In answering Paragraph 5, City Defendants are without sufficient knowledge or

22  information to form a belief as to the truth of the allegations contained therein, and on that basis,

23  deny each and every allegation in Paragraph 5.

24       6.      In answering Paragraph 6, City Defendants deny each and every allegation in

25  Paragraph 6.

26       7.      In answering Paragraph 7, City Defendants admit that a Report to the City Council

27  was prepared on July 14, 2020 and that local residents expressed concerns about a residential

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

property, which one of the Plaintiffs owns.  City Defendants deny each and every other allegation in Paragraph 7.

8.      In answering Paragraph 8, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. City Defendants deny each and every other allegation in Paragraph 8, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the July 2020 Report.

9.      In answering Paragraph 9, to the extent that Plaintiffs have accurately quoted portions of the July 14, 2020 City Council Meeting, City Defendants admit that such statements were made.  City Defendants deny each and every other allegation in Paragraph 9, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 City Council Meeting.

10.     In answering Paragraph 10, to the extent that Plaintiffs have accurately quoted portions of the July 14, 2020 City Council Meeting, City Defendants admit that such statements were made.  City Defendants deny each and every other allegation in Paragraph 10, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 City Council Meeting.

11.     In answering Paragraph 11, City Defendants deny each and every allegation in Paragraph 11.

12.     In answering Paragraph 12, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 12.

13.     In answering Paragraph 13, City Defendants admit that a new time-share ordinance codified at Chapter 17.138 has been enacted, replacing Section 17.112.130 from the St. Helena Municipal Code.  City Defendants deny each and every other allegation in Paragraph 13.

14.     In answering Paragraph 14, City Defendants deny each and every allegation in Paragraph 14.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

15.     In answering Paragraph 15, City Defendants deny each and every allegation in Paragraph 15.

16.     In answering Paragraph 16, City Defendants deny each and every allegation in Paragraph 16.

17.     In answering Paragraph 17, to the extent that Plaintiffs have accurately quoted Section 17.138.060(A), the City Defendants admit only y that such text is contained in Section 17.138.060(A).  City Defendants deny each and every other allegation in Paragraph 17.

18.     In answering Paragraph 18, City Defendants deny each and every allegation in Paragraph 18.

19.     In answering Paragraph 19, City Defendants deny each and every allegation in Paragraph 19.

## **PARTIES**

20.     In answering Paragraph 20, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 20.

21.     In answering Paragraph 21, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 21.

22.     In answering Paragraph 22, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 22.

23.     In answering Paragraph 23, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 23.

24.     In answering Paragraph 24, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 24.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

25.     In answering Paragraph 25, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 25.

26.     In answering Paragraph 26, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 26.

27.     In answering Paragraph 27, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 27.

28.     In answering Paragraph 28, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 28.

29.     In answering Paragraph 29, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 29.

30.     In answering Paragraph 30, City Defendants admit the allegations asserted.

31.     In answering Paragraph 31, City Defendants admit that (i) Defendant Maya DeRosa is the Planning & Building Director of St. Helena; and (ii) she provides regular staff support for the City Council and Planning Commission.  City Defendants further admit the quoted portions of the St. Helena Municipal Code, regarding the duties of the Planning & Building Director, are accurate.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 31, including all allegations that Defendant DeRosa violated the constitutional rights of Plaintiffs or anyone else.

32.     In answering Paragraph 32, City Defendants admits the first 4 sentences in Paragraph 32.  City Defendants also admit the Mayor is elected at-large to serve a two-year term as presiding officer at City Council meetings.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 32, including all allegations that Defendant Ellsworth failed to

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1810 I VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1   prevent or take action in any manner, or violated the constitutional rights of Plaintiffs or anyone

2   else.

3       33.     In answering Paragraph 33, City Defendants admit the first 3 sentences in

4   Paragraph 33.  City Defendants deny each and every other allegation in Paragraph 33, including

5   all allegations that Defendant Walsh violated the constitutional rights of Plaintiffs or anyone else.

6       34.     In answering Paragraph 34, City Defendants assert that the allegations contain

7   Plaintiffs' legal theories and/or legal conclusions to which no response is required.  City

8   Defendants admit that St. Helena City Council members include Vice Mayor Paul Dohring, Anna

9   Chouteau, Lester Gardy, and Eric Hall.  City Defendants admits that these members have

10  collectively represented the City Council since November 2020.  City Defendants deny that Vice

11  Mayor Dohring has served on the City Council since 2018.  City Defendants admit that Anna

12  Chouteau has served on the City Council since 2018.  City Defendants admit that the City

13  Council is a legislative and policy-making body for the City of St. Helena.  City Defendants

14  admit that the City Council bears responsibility for setting City policy and for adopting

15  ordinances, resolutions, and other orders as necessary for governing the City.  Except as admitted,

16  City Defendants deny each and every other allegation in Paragraph 34.

17                      **JURISDICTION AND VENUE**

18      35.     In answering Paragraph 35, City Defendants assert that the allegations contain

19  Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent

20  a response is required, City Defendants deny each and every allegation in Paragraph 35.

21      36.     In answering Paragraph 36, City Defendants assert that the allegations contain

22  Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent

23  a response is required, City Defendants deny each and every allegation in Paragraph 36.

24                      **GENERAL ALLEGATIONS**

25  I.      **Pacaso Seeks to Democratize Second Home Ownership In St. Helena**

26      37.     In answering Paragraph 37, City Defendants are without sufficient knowledge or

27  information to form a belief as to the truth of the allegations contained therein, and on that basis,

28  deny each and every allegation in Paragraph 37.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

38.     In answering Paragraph 38, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 38.

39.     In answering Paragraph 39, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 39.

40.     In answering Paragraph 40, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 40.

41.     In answering Paragraph 41, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 41.

42.     In answering Paragraph 42, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 42.

43.     In answering Paragraph 43, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 43.

44.     In answering Paragraph 44, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 44.

**II.     Pacaso Shifts Demand Away From The More Limited Supply Of Affordable Homes and Ensures Second Homes Are Fully Utilized**

45.     In answering Paragraph 45, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 45.

1    46.    In answering Paragraph 46, City Defendants are without sufficient knowledge or

2    information to form a belief as to the truth of the allegations contained therein, and on that basis,

3    deny each and every allegation in Paragraph 46.

4    47.    In answering Paragraph 47, City Defendants are without sufficient knowledge or

5    information to form a belief as to the truth of the allegations contained therein, and on that basis,

6    deny each and every allegation in Paragraph 47.

7    48.    In answering Paragraph 48, City Defendants are without sufficient knowledge or

8    information to form a belief as to the truth of the allegations contained therein, and on that basis,

9    deny each and every allegation in Paragraph 48.

10   49.    In answering Paragraph 49, City Defendants are without sufficient knowledge or

11   information to form a belief as to the truth of the allegations contained therein, and on that basis,

12   deny each and every allegation in Paragraph 49.

13   **III.   In July 2020, The City Attorney And City Council Members Concluded That Section
14   17.112.130 (The Former Time-Share Ordinance) Does Not Regulate Co-Owned
     Homes, Conceding That Ordinance Did Not Apply To Pacaso**

15   **A.    Overview Of Section 17.112.130, The City's Prior Time-Share Project Ban**

16   50.    In answering Paragraph 50, to the extent Plaintiffs have accurately quoted the

17   ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City

18   Defendants deny each and every other allegation in Paragraph 50.

19   51.    In answering Paragraph 51, to the extent Plaintiffs have accurately quoted the

20   ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City

21   Defendants deny each and every other allegation in Paragraph 51.

22   52.    In answering Paragraph 52, to the extent Plaintiffs have accurately quoted the

23   ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City

24   Defendants deny each and every other allegation in Paragraph 52.

25   53.    In answering Paragraph 53, to the extent Plaintiffs have accurately quoted the

26   ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City

27   Defendants deny each and every other allegation in Paragraph 53.

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

**B.      Under Defendants' Own Analysis, Section 17.112.130 Did Not Apply To Pacaso**

54.     In answering Paragraph 54, City Defendants deny each and every allegation in Paragraph 54.

55.     In answering Paragraph 55, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 55, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what is written in the July 2020 Report.

56.     In answering Paragraph 56, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 56, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what is written in the July 2020 Report.

57.     In answering Paragraph 57, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 57, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what is written in the July 2020 Report.

58.     In answering Paragraph 58, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 58, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what is written in the July 2020 Report.

59.     In answering Paragraph 59, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 59,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1   including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive

2   or seek to insert into what is written in the July 2020 Report.

3         60.     In answering Paragraph 60, to the extent that Plaintiffs have accurately quoted who

4   said what during the July 14, 2020 Meeting, City Defendants admit that the person said the

5   accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each

6   and every other allegation in Paragraph 60, including, but not limited to, any conclusions,

7   meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the

8   July 14, 2020 Meeting.

9         61.     In answering Paragraph 61, to the extent that Plaintiffs have accurately quoted who

10  said what during the July 14, 2020 Meeting, City Defendants admit that the person said the

11  accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each

12  and every other allegation in Paragraph 61, including, but not limited to, any conclusions,

13  meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the

14  July 14, 2020 Meeting.

15        62.     In answering Paragraph 62, to the extent that Plaintiffs have accurately quoted who

16  said what during the July 14, 2020 Meeting, City Defendants admit that the person said the

17  accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each

18  and every other allegation in Paragraph 62, including, but not limited to, any conclusions,

19  meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the

20  July 14, 2020 Meeting.

21        63.     In answering Paragraph 63, to the extent that Plaintiffs have accurately quoted

22  portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged.

23  Except as admitted, City Defendants deny each and every other allegation in Paragraph 63,

24  including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive

25  or seek to insert into what is written in the July 2020 Report.

26        64.     In answering Paragraph 64, to the extent that Plaintiffs have accurately quoted

27  portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged.

28  Except as admitted, City Defendants deny each and every other allegation in Paragraph 64,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what is written in the July 2020 Report.

65.     In answering Paragraph 65, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 65, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what is written in the July 2020 Report.

66.     In answering Paragraph 66, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 66.

67.     In answering Paragraph 67, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 Meeting, City Defendants admit that the person said the accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 67, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 Meeting.

68.     In answering Paragraph 68, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 Meeting, City Defendants admit that the person said the accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 68, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 Meeting.

**C.     Pacaso Was Not A "Time Share Project" Under Section 17.112.130**

69.     In answering Paragraph 69, City Defendants deny each and every allegation in Paragraph 69.

70.     In answering Paragraph 70, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 70.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

71.     In answering Paragraph 71, City Defendants deny each and every allegation in Paragraph 71.

72.     In answering Paragraph 72, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 Meeting, City Defendants admit that the person said the accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 72, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 Meeting.

73.     In answering Paragraph 73, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 73.

74.     In answering Paragraph 74, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 74.

75.     In answering Paragraph 75, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 75.

76.     In answering Paragraph 76, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 76.

77.     In answering Paragraph 77, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 77.

**D.      Section 17.112.130's "Findings and Purpose Confirm that the Ordinance Did Not Apply to Pacaso**

78.     In answering Paragraph 78, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 78.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

79.    In answering Paragraph 79, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 79.

80.    In answering Paragraph 80, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 80.

81.    In answering Paragraph 81, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 81.

82.    In answering Paragraph 82, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 82.

83.    In answering Paragraph 83, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 83.

84.    In answering Paragraph 84, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 84.

85.    In answering Paragraph 85, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 85.

86.    In answering Paragraph 86, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 86.

87.    In answering Paragraph 87, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 Meeting, City Defendants admit that the person said the accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 87, including, but not limited to, any conclusions,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 Meeting.

88.    In answering Paragraph 88, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 Meeting, City Defendants admit that the person said the accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 88, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 Meeting.

89.    In answering Paragraph 89, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 Meeting, City Defendants admit that the person said the accurately quoted material during the Meeting.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 89, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what was said during the July 14, 2020 Meeting.

90.    In answering Paragraph 90, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 90.

91.    In answering Paragraph 91, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 91.

92.    In answering Paragraph 92, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 92.

**IV.    Defendants Communicated To Pacaso The City's Conclusion That Section 17.112.130 Does Not Apply To Pacaso After Having Represented That Pacaso's Operations Were Permitted**

93.    In answering Paragraph 93, City Defendants admit the allegations asserted.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

94.     In answering Paragraph 94, City Defendants admit that a response dated May 19, 2020 was sent, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 94.

95.     In answering Paragraph 95, City Defendants admit that Ms. DeRosa sent a written response, dated May 22, 2020, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 95.

96.     In answering Paragraph 96, City Defendants deny each and every allegation in Paragraph 96.

97.     In answering Paragraph 97, City Defendants admit that a response dated May 26, 2020 was sent, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 97.

98.     In answering Paragraph 98, City Defendants deny that the City represented that Pacaso's operations were permitted.  City Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis, deny each and every allegation in Paragraph 98.

99.     In answering Paragraph 99, City Defendants deny that the City represented that Pacaso's operations were permitted legal.  City Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis, deny each and every allegation in Paragraph 99.

**V.     Despite Its Legal Conclusions That It Cannot Regulate Pacaso, Defendants Nevertheless Proceeded To Unlawfully And Brazenly Enforce Section 17.112.130 Against Pacaso**

100.    In answering Paragraph 100, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 100.

101.    In answering Paragraph 101, City Defendants deny each and every allegation in Paragraph 101.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

102.    In answering Paragraph 102, City Defendants admit that Ms. DeRosa sent a letter, dated January 25, 2021, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 102.

103.    In answering Paragraph 103, City Defendants admit that Pacaso contacted Ms. DeRosa.  City Defendants assert that the other allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 103.

104.    In answering Paragraph 104, to the extent that Plaintiffs have accurately quoted who said what during the February 9, 2021 Meeting, City Defendants admit that such person(s) said what they are alleged to have said during the meeting.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 104.

105.    In answering Paragraph 105, City Defendants admit that City Attorney Walsh sent a letter, dated February 10, 2021, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 105.

106.    In answering Paragraph 106, City Defendants admit that City Attorney Walsh sent a letter, dated February 10, 2021, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 106.

107.    In answering Paragraph 107, City Defendants admit that City Attorney Walsh sent a letter to local real estate agents, dated March 16, 2021, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 107.

108.    In answering Paragraph 108, City Defendants admit that City Attorney Walsh sent a letter to local real estate agents, dated March 16, 2021, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 108.

109.    In answering Paragraph 109, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 109.

110.     In answering Paragraph 110, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 110.

111.     In answering Paragraph 111, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 111.

112.     In answering Paragraph 112, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 112.

**VI.     Acknowledging That Section 17.112.130 Was Not A Viable Way To Regulate Pacaso, Defendants Amended The City's Time-Share Ordinance During The Pendency Of This Action**

113.     In answering Paragraph 113, City Defendants admit that Pacaso responded to City Attorney Walsh on March 17, 2021 and that City Attorney Walsh did not respond to Pacaso's letter by April 1, 2021.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 113.

114.     In answering Paragraph 114, City Defendants admit that a closed session meeting was held on January 25, 2022.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 114.

115.     In answering Paragraph 115, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 115.

116.     In answering Paragraph 116, City Defendants admit that the City's Planning Commission held a meeting on March 1, 2022 to address a report prepared by City Attorney Walsh and approved by Director DeRosa.  City Defendants assert that the March 1, 2022 Report speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 116.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

117.    In answering Paragraph 117, City Defendants admit that the City's Planning Commission held a meeting on March 1, 2022 to address the proposed ordinance adding Chapter 17.138 and deleting Section 17.112.130 of the St. Helena Municipal Code.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 117.

118.    In answering Paragraph 118, City Defendants admit that Naseem Moeel testified on behalf of Pacaso and that the Planning Commission voted to recommend the City Council approve the proposed ordinance.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 118.

119.    In answering Paragraph 119, City Defendants admit that the City Council held a public hearing on March 22, 2022, on the motion to adopt the proposed ordinance adding Chapter 17.138 and deleting Section 17.112.130 of the St. Helena Municipal Code.  City Defendants admit the existence of a March 22, 2022 Report addressing the proposed ordinance adding Chapter 17.138 and deleting Section 17.112.130 of the St. Helena Municipal Code.  City Defendants assert that the document/meeting speak for themselves.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 119.

120.    In answering Paragraph 120, City Defendants admit that Naseem Moeel and a "Pacaso homeowner" testified on behalf of Pacaso at the March 22, 2022 hearing, and that the City Council voted to entertain a motion on the recommended action.  City Defendants assert that what was said at the meeting speaks for itself.   Except as admitted, City Defendants deny each and every other allegation in Paragraph 120.

121.    In answering Paragraph 121, City Defendants admit that the City Council held a second public hearing on April 12, 2022, on the motion to adopt the proposed ordinance adding Chapter 17.138 and deleting Section 17.112.130 of the St. Helena Municipal Code, that "several Pacaso homeowners" testified, and that the City Council voted to adopt the proposed ordinance. Except as admitted, City Defendants deny each and every other allegation in Paragraph 121.

122.    In answering Paragraph 122, City Defendants admit the allegations asserted.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

**VII.** **Chapter 17.138 Does Not Apply To Pacaso, As Confirmed By Its Definitions And The City's Stated Purposes Underlying The Ordinance**

123.     In answering Paragraph 123, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 123.

124.     In answering Paragraph 124, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 124.

125.     In answering Paragraph 125, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 125.

126.     In answering Paragraph 126, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 126.

127.     In answering Paragraph 127, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 127.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

128.     In answering Paragraph 128, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 128.

129.     In answering Paragraph 129, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 129.

130.     In answering Paragraph 130, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 130.

131.     In answering Paragraph 131, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 131.

132.     In answering Paragraph 132, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 132.

133.     In answering Paragraph 133, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 133.

134.     In answering Paragraph 134, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 134.

135.     In answering Paragraph 135, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 135.

136.    In answering Paragraph 136, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 136.

137.    In answering Paragraph 137, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 137, including, but not limited to, any conclusions, meaning or (mis)interpretation that Plaintiffs derive or seek to insert into what is written in the July 2020 Report.

138.    In answering Paragraph 138, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 138.

139.    In answering Paragraph 139, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 139.

140.    In answering Paragraph 140, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 140.

141.    In answering Paragraph 141, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 141.

142.    In answering Paragraph 142, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 142.

143.    In answering Paragraph 143, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 143.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

144.    In answering Paragraph 144, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 144.

145.    In answering Paragraph 145, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 145.

146.    In answering Paragraph 146, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 146.

147.    In answering Paragraph 147, to the extent that Plaintiffs have accurately quoted statements made during the March 22, 2022 Meeting and/or the April 12, 2022 Meeting, City Defendants admit such statements were made during the respective meetings as alleged.  As to the remaining allegations, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 147.

148.    In answering Paragraph 148, to the extent that Plaintiffs have accurately quoted statements made during the April 12, 2022 Meeting, City Defendants admit such statements were made during the meetings as alleged.  As to the remaining allegations, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 148.

149.    In answering Paragraph 149, to the extent that Plaintiffs have accurately quoted statements made during the April 12, 2022 Meeting, City Defendants admit such statements were made during the meetings as alleged.  As to the remaining allegations, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 149.

150.    In answering Paragraph 150, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 150.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

151.   In answering Paragraph 151, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 151.

152.   In answering Paragraph 152, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 152.

153.   In answering Paragraph 153, to the extent that Plaintiffs have accurately quoted statements made during the April 12, 2022 Meeting, City Defendants admit such statements were made during the meetings as alleged.  As to the remaining allegations, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 153.

154.   In answering Paragraph 154, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 154.

**VIII.**   **Because Pacaso Homes Were Permissible Under The Previous Section 17.112.130 Time-Share Ordinance, Existing Pacaso Homes Are Permitted To Continue Indefinitely Under the New Chapter 17.138**

155.   In answering Paragraph 155, City Defendants deny each and every allegation in Paragraph 155.

156.   In answering Paragraph 156, City Defendants deny each and every allegation in Paragraph 156.

157.   In answering Paragraph 157, City Defendants deny each and every allegation in Paragraph 157.

158.   In answering Paragraph 158, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 158.

159.   In answering Paragraph 159, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 159.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

160.    In answering Paragraph 160, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 160.

161.    In answering Paragraph 161, City Defendants deny each and every allegation in Paragraph 161.

162.    In answering Paragraph 162, City Defendants deny each and every allegation in Paragraph 162.

## IX.    Defendants Intend To Enforce Chapter 17.138, Which Imposes Draconian Fines and Criminal Penalties, Against Plaintiffs, Including St. Helena Homeowners

163.    In answering Paragraph 163, City Defendants admit the allegations asserted.

164.    In answering Paragraph 164, to the extent that Plaintiffs have accurately quoted the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 164.

165.    In answering Paragraph 165, City Defendants admit that Pacaso sent a letter dated April 13, 2022, which speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 165.

166.    In answering Paragraph 166, City Defendants admit that Pacaso sent a letter dated April 13, 2022, which speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 166.

167.    In answering Paragraph 167, City Defendants admit that Pacaso sent a letter dated April 13, 2022, which speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 167.

168.    In answering Paragraph 168, City Defendants admit that Pacaso sent a letter dated April 13, 2022, which speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 168.

169.    In answering Paragraph 169, City Defendants admit that the City sent Pacaso a response dated April 21, 2022, which speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 169.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

170.    In answering Paragraph 170, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 170.

171.    In answering Paragraph 171, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 171.

172.    In answering Paragraph 172, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 172.

173.    In answering Paragraph 173, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 173.

174.    In answering Paragraph 174, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 174.

**X.    Defendants' Selective And Arbitrary Enforcement Of The Previous Time-Share Ordinance Against Pacaso, Followed By The March 2022 Report And Proposed Ordinance Which Targets Pacaso And Was Enacted Solely To Ban Pacaso, Is Impermissible**

175.    In answering Paragraph 175, City Defendants deny each and every allegation in Paragraph 175.

176.    In answering Paragraph 176, City Defendants deny each and every allegation in Paragraph 176.

Best Best & Krieger LLP
Attorneys at Law
1810 Von Karman Avenue, Suite 1000
Irvine, California 92612

177.    In answering Paragraph 177, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. Except as admitted, City Defendants deny each and every other allegation in Paragraph 177.

178.    In answering Paragraph 178, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 178, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the July 14, 2020 meeting.

179.    In answering Paragraph 179, to the extent that Plaintiffs have accurately quoted who said what during the July 14, 2020 meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 179, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the July 14, 2020 meeting.

180.    In answering Paragraph 180, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 180.

181.    In answering Paragraph 181, City Defendants deny each and every allegation in Paragraph 181.

182.    In answering Paragraph 182, City Defendants deny each and every allegation in Paragraph 182.

183.    In answering Paragraph 183, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 183.

184.    In answering Paragraph 184, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  Except as admitted, City Defendants deny each and every allegation in Paragraph 184.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

185.    In answering Paragraph 185, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the non-party home-swap or exchange companies, and on that basis, deny those allegations.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 185.

186.    In answering Paragraph 186, to the extent Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 186.

187.    In answering Paragraph 187, City Defendants deny each and every allegation in Paragraph 187.

188.    In answering Paragraph 188, City Defendants deny each and every allegation in Paragraph 188.

189.    In answering Paragraph 189, to the extent that Plaintiffs have accurately quoted who said what during the March 2022 meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 189, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the March 2022 meeting.

190.    In answering Paragraph 190, to the extent that Plaintiffs have accurately quoted who said what during the April 2022 meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 190, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the April 2022 meeting.

191.    In answering Paragraph 191, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 191.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

## XI.      Chapter 17.138 Is Vague, Ambiguous, And Overbroad, And Chills Free Speech

192.    In answering Paragraph 192, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 192.

193.    In answering Paragraph 193, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 193.

194.    In answering Paragraph 194, City Defendants deny each and every allegation in Paragraph 194.

195.    In answering Paragraph 195, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 195.

196.    In answering Paragraph 196, City Defendants deny each and every allegation in Paragraph 196.

197.    In answering Paragraph 197, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 197.

198.    In answering Paragraph 198, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  City Defendants assert that the remaining allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every other allegation in Paragraph 198.

199.    In answering Paragraph 199, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 199.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

200.    In answering Paragraph 200, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 200.

201.    In answering Paragraph 201, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 201.

202.    In answering Paragraph 202, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 202.

203.    In answering Paragraph 203, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 203.

204.    In answering Paragraph 204, to the extent that Plaintiffs have accurately quoted who said what during the April 2022 meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 204, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the April 2022 meeting.

205.    In answering Paragraph 205, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 205.

**XII.    Chapter 17.138 Exceeds The Scope Of Permissible Zoning Ordinances Under Government Code § 65850 And Violates Homeowners' Right Of Privacy And Freedom Of Association, And Should Also Be Stricken On That Basis**

206.    In answering Paragraph 206, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 206.

207.    In answering Paragraph 207, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 207.

1   208.   In answering Paragraph 208, to the extent that Plaintiffs have accurately quoted

2   portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged.

3   City Defendants deny each and every other allegation in Paragraph 208, including, but not limited

4   to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the July

5   2020 Report.

6   209.   In answering Paragraph 209, City Defendants deny each and every allegation in

7   Paragraph 209.

8   210.   In answering Paragraph 210, to the extent that Plaintiffs have accurately quoted

9   portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged.

10   City Defendants deny each and every other allegation in Paragraph 210, including, but not limited

11   to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the July

12   2020 Report.

13   211.   In answering Paragraph 211, City Defendants deny each and every allegation in

14   Paragraph 211.

15   212.   In answering Paragraph 212, to the extent that Plaintiffs have accurately quoted

16   portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as

17   alleged.  City Defendants deny each and every other allegation in Paragraph 212, including, but

18   not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert

19   into the March 2022 Report.

20   213.   In answering Paragraph 213, to the extent that Plaintiffs have accurately quoted

21   portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged.

22   City Defendants deny each and every other allegation in Paragraph 213, including, but not limited

23   to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the July

24   2020 Report.

25   214.   In answering Paragraph 214, to the extent that Plaintiffs have accurately quoted

26   who said what during the July 2020 meeting, City Defendants admit those persons said what

27   Plaintiffs allege.  City Defendants deny each and every other allegation in Paragraph 214,

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into what was said at the July 2020 meeting.

215.    In answering Paragraph 215, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 215.

216.    In answering Paragraph 216, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  To the extent that Plaintiffs have accurately quoted who said what during the July 2020 meeting, City Defendants admit those persons said what Plaintiffs allege.  City Defendants deny each and every other allegation in Paragraph 216, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the March 2022 Report, or what was said during the July 2020 meeting.

217.    In answering Paragraph 217, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 217.

218.    In answering Paragraph 218, to the extent that Plaintiffs have accurately quoted portions of the May 2020 letter and the July 2020 Report, City Defendants admit the letter and the Report read as alleged.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 218.

219.    In answering Paragraph 219, to the extent that Plaintiffs have accurately quoted who said what during the July 2020 Meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 219, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the July 2020 Meeting.

220.    In answering Paragraph 220, to the extent that Plaintiffs have accurately quoted who said what during the July 2020 Meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

Paragraph 220, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the July 2020 Meeting.

221.    In answering Paragraph 221, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 221.

222.    In answering Paragraph 222, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 222.

## XIII.    Defendants' Enforcement Agenda Against Pacaso Is The Latest Chapter In The City's Long History Of Exclusion

223.    In answering Paragraph 223, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 223.

224.    In answering Paragraph 224, to the extent that Plaintiffs have accurately quoted who said what during the April 2022 meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 224, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the April 2022 meeting.

225.    In answering Paragraph 225, City Defendants deny each and every allegation in Paragraph 225.

226.    In answering Paragraph 226, City Defendants admit that the City adopted a General Plan, and assert that the document speaks for itself.  Except as admitted, City Defendants deny each and every allegation in Paragraph 226.

227.    In answering Paragraph 227, City Defendants deny each and every allegation in Paragraph 227.

228.    In answering Paragraph 228, City Defendants deny each and every allegation in Paragraph 228.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1810 IVON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1    229.    In answering Paragraph 229, City Defendants deny each and every allegation in

2    Paragraph 229.

3    230.    In answering Paragraph 230, to the extent that Plaintiffs have accurately quoted

4    who said what during the April 2022 meeting, City Defendants admit those persons said what

5    Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in

6    Paragraph 230, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out

7    of context what was said during the April 2022 meeting.

8    <u>**CLAIM 1**</u>

9    **DECLARATORY RELIEF:  EXEMPTION FROM CHAPTER 17.138 UNDER**

10   **SECTIONS 17.140.010 AND 17.140.020, CALIFORNIA CONSTITUTION, AND**

11   **COMMON LAW**

12   **(AGAINST THE CITY)**

13   231.    The City Defendants reassert the answers to Paragraphs 1-230.

14   232.    In answering Paragraph 232, City Defendants assert that the allegations contain

15   Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent

16   a response is required, City Defendants deny each and every allegation in Paragraph 232.

17   233.    In answering Paragraph 233, City Defendants assert that the allegations contain

18   Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent

19   a response is required, City Defendants deny each and every allegation in Paragraph 233.

20   234.    In answering Paragraph 234, City Defendants assert that the allegations contain

21   Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent

22   a response is required, City Defendants deny each and every allegation in Paragraph 234.

23   235.    In answering Paragraph 235, City Defendants admit that Pacaso and PAC 6 CA

24   brought the current action before Chapter 17.138 was proposed, adopted or enacted, and

25   Plaintiffs' claims are set forth in their complaint, which speaks for itself.  City Defendants admit

26   the city enacted Chapter 17.138, which replaced Section 17.112.130, in April 2022.  Except as

27   admitted, City Defendants deny each and every other allegation in Paragraph 235.

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

236.    In answering Paragraph 236, City Defendants admit that Pacaso wrote a letter dated April 13, 2022 to the City.  City Defendants assert that the letter speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 236.

237.    In answering Paragraph 237, City Defendants admit that the City wrote a letter dated April 21, 2022 to Pacaso.  City Defendants assert that the letter speaks for itself.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 237.

238.    In answering Paragraph 238, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 238.

239.    In answering Paragraph 239, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 239.

240.    In answering Paragraph 240, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 240.

241.    In answering Paragraph 241, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 241.

242.    In answering Paragraph 242, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 242.

243.    In answering Paragraph 243, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 243.

244.    In answering Paragraph 244, City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation in Paragraph 244.

245.    In answering Paragraph 245, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 245.

246.    In answering Paragraph 246, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 246.

247.    In answering Paragraph 247, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 247.

248.    In answering Paragraph 248, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 248.

249.    In answering Paragraph 249, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 249.

250.    In answering Paragraph 250, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. City Defendants deny each and every other allegation in Paragraph 250, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the July 2020 Report.

251.    In answering Paragraph 251, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 251.

252.    In answering Paragraph 252, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 252.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

253.    In answering Paragraph 253, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 253.

254.    In answering Paragraph 254, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 254.

255.    In answering Paragraph 255, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 255.

256.    In answering Paragraph 256, City Defendants deny each and every allegation in Paragraph 256.

257.    In answering Paragraph 257, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 257.

258.    In answering Paragraph 258, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 258.

259.    In answering Paragraph 259, City Defendants deny each and every allegation in Paragraph 259.

260.    In answering Paragraph 260, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 260.

261.    In answering Paragraph 261, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 261.

262.    In answering Paragraph 262, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 262.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

263.    In answering Paragraph 263, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 263.

264.    In answering Paragraph 264, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 264.

265.    In answering Paragraph 265, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 265.

266.    In answering Paragraph 266, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 266.

## CLAIM 2

### DECLARATORY RELIEF:  INAPPLICABILITY OF CHAPTER 17.138

### (AGAINST THE CITY)

267.    The City Defendants reassert the answers to Paragraphs 1-266.

268.    In answering Paragraph 268, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 268.

269.    In answering Paragraph 269, to the extent that Plaintiffs have accurately quoted portions of the City's April 2022 letter, City Defendants admit the April 2022 letter reads as alleged.  Except as admitted, City Defendants deny each and every allegation in Paragraph 269.

270.    In answering Paragraph 270, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  City Defendants deny each and every other allegation in Paragraph 270, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the March 2022 Report.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

271.    In answering Paragraph 271, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 271.

272.    In answering Paragraph 272, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 272.

273.    In answering Paragraph 273, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 273.

274.    In answering Paragraph 274, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 274.

275.    In answering Paragraph 275, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 275.

276.    In answering Paragraph 276, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 276.

277.    In answering Paragraph 277, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 277.

278.    In answering Paragraph 278, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 278.

279.    In answering Paragraph 279, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 279.

**CLAIM 3**

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

**SELECTIVE AND DISCRIMINATORY ENFORCEMENT**

**(AGAINST ALL DEFENDANTS)**

280.     The City Defendant reasserts the answers to Paragraphs 1-279.

281.     In answering Paragraph 281, City Defendants deny each and every allegation in Paragraph 281.

282.     In answering Paragraph 282, City Defendants deny each and every allegation in Paragraph 282.

283.     In answering Paragraph 283, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  City Defendants deny each and every other allegation in Paragraph 283, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the March 2022 Report.

284.     In answering Paragraph 284, City Defendants deny each and every allegation in Paragraph 284.

285.     In answering Paragraph 285, City Defendants deny each and every allegation in Paragraph 285.

286.     In answering Paragraph 286, to the extent that Plaintiffs have accurately quoted who said what during the April 2022 meeting, City Defendants admit those persons said what Plaintiffs allege.  Except as admitted, City Defendants deny each and every other allegation in Paragraph 286, including any attempts by Plaintiffs to interpret, distort, misconstrue, or take out of context what was said during the April 2022 meeting.

287.     In answering Paragraph 287, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as alleged.  City Defendants deny each and every other allegation in Paragraph 287, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the March 2022 Report.

288.     In answering Paragraph 288, City Defendants deny each and every allegation in Paragraph 288.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1   289.    In answering Paragraph 289, City Defendants are without sufficient knowledge or
2   information to form a belief as to the truth of the allegations contained therein, and on that basis,
3   deny each and every allegation in Paragraph 289.

4   290.    In answering Paragraph 290, City Defendants are without sufficient knowledge or
5   information to form a belief as to the truth of the allegations contained therein, and on that basis,
6   deny each and every allegation in Paragraph 290.

7   291.    In answering Paragraph 291, City Defendants deny each and every allegation in
8   Paragraph 291.

9   292.    In answering Paragraph 292, to the extent that Plaintiffs have accurately quoted
10  portions of the May 22, 2020 letter or July 2020 Report, City Defendants admit the May 22, 2020
11  latter and July 2020 Report read as quoted.  City Defendants deny each and every other allegation
12  in Paragraph 292, including, but not limited to, any conclusions, meaning or interpretation that
13  Plaintiffs derive or seek to insert into the May 22, 2020 letter or July 2020 Report.

14  293.    In answering Paragraph 293, City Defendants deny each and every allegation in
15  Paragraph 293.

16  294.    In answering Paragraph 294, City Defendants are without sufficient knowledge or
17  information to form a belief as to the truth of the allegations contained therein, and on that basis,
18  deny each and every allegation in Paragraph 294.

19  295.    In answering Paragraph 295, City Defendants deny each and every allegation in
20  Paragraph 295.

21  296.    In answering Paragraph 296, City Defendants deny each and every allegation in
22  Paragraph 296.

23  297.    In answering Paragraph 297, City Defendants are without sufficient knowledge or
24  information to form a belief as to the truth of the allegations contained therein, and on that basis,
25  deny each and every allegation in Paragraph 297.

26  298.    In answering Paragraph 298, City Defendants are without sufficient knowledge or
27  information to form a belief as to the truth of the allegations contained therein, and on that basis,
28  deny each and every allegation in Paragraph 298.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

299.    In answering Paragraph 299, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 299.

300.    In answering Paragraph 300, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. City Defendants deny each and every other allegation in Paragraph 300, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the July 2020 Report.

301.    In answering Paragraph 301, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 301.

302.    In answering Paragraph 302, to the extent that Plaintiffs have accurately quoted who said what during the March 2022 meeting, City Defendants admit those persons said what Plaintiffs put in quotes.  City Defendants deny each and every other allegation in Paragraph 302, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into what was said during the March 2022 meeting.

303.    In answering Paragraph 303, to the extent that Plaintiffs have accurately quoted who said what during the March 2022 meeting, City Defendants admit those persons said what Plaintiffs put in quotes.  City Defendants deny each and every other allegation in Paragraph 302, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into what was said during the March 2022 meeting.

304.    In answering Paragraph 304, to the extent that Plaintiffs have accurately quoted portions of the July 2020 Report, City Defendants admit the July 2020 Report reads as alleged. City Defendants deny each and every other allegation in Paragraph 304, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the July 2020 Report.

305.    In answering Paragraph 305, City Defendants deny each and every allegation in Paragraph 305.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1800 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

306.    In answering Paragraph 306, City Defendants deny each and every allegation in Paragraph 306.

307.    In answering Paragraph 307, City Defendants deny each and every allegation in Paragraph 307.

308.    In answering Paragraph 308, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 308.

## CLAIM 4

## DECLARATORY RELIEF:  INVALID USE OF MUNICIPAL AUTHORITY
## (AGAINST THE CITY)

309.    The City Defendants reassert the answers to Paragraphs 1-308.

310.    In answering Paragraph 310, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 310.

311.    In answering Paragraph 311, City Defendants deny each and every allegation in Paragraph 311.

312.    In answering Paragraph 312, City Defendants deny each and every allegation in Paragraph 312.

313.    In answering Paragraph 313, City Defendants deny each and every allegation in Paragraph 313.

314.    In answering Paragraph 314, City Defendants deny each and every allegation in Paragraph 314.

315.    In answering Paragraph 315, City Defendants deny each and every allegation in Paragraph 315.

316.    In answering Paragraph 316, City Defendants deny each and every other allegation in Paragraph 316.

317.    In answering Paragraph 317, City Defendants deny each and every allegation in Paragraph 317.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

318.    In answering Paragraph 318, City Defendants deny each and every allegation in Paragraph 318.

319.    In answering Paragraph 319, to the extent that Plaintiffs have accurately quoted portions of the May 2020 letter and the July 2020 Report, City Defendants admit the May 2020 letter and the July 2020 Report read as alleged.  City Defendants deny each and every other allegation in Paragraph 319, including, but not limited to, any conclusions, meaning or interpretation that Plaintiffs derive or seek to insert into the May 2020 letter and the July 2020 Report.

320.    In answering Paragraph 320, to the extent that Plaintiffs have accurately quoted portions of the March 2022 Report, City Defendants admit the March 2022 Report reads as quoted.  Except as admitted, City Defendants deny each and every allegation in Paragraph 320.

321.    In answering Paragraph 321, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 321.

## CLAIM 5

### DECLARATORY RELIEF:  CHAPTER 17.138 IS PREEMPTED

### (AGAINST THE CITY)

322.    The City Defendants reasserts the answers to Paragraphs 1-321.

323.    In answering Paragraph 323, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 323.

324.    In answering Paragraph 324, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 324.

325.    In answering Paragraph 325, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1800 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1      Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

2      allegation in Paragraph 325.

3             326.    In answering Paragraph 326, City Defendants assert that the Court entered an

4      Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

5      Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

6      allegation in Paragraph 326.

7             327.    In answering Paragraph 327, City Defendants assert that the Court entered an

8      Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

9      Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

10     allegation in Paragraph 327.

11            328.    In answering Paragraph 328, City Defendants assert that the Court entered an

12     Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

13     Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

14     allegation in Paragraph 328.

15            329.    In answering Paragraph 329, City Defendants assert that the Court entered an

16     Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

17     Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

18     allegation in Paragraph 329.

19            330.    In answering Paragraph 330, City Defendants assert that the Court entered an

20     Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

21     Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

22     allegation in Paragraph 330.

23            331.    In answering Paragraph 331, City Defendants assert that the Court entered an

24     Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

25     Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

26     allegation in Paragraph 331.

27            332.    In answering Paragraph 332, City Defendants assert that the Court entered an

28     Order on September 26, 2022, dismissing Claim 5 with prejudice.  Accordingly, no response to

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1   Claim 5 is necessary.  To the extent a response is necessary, City Defendants deny each and every

2   allegation in Paragraph 332.

3   **CLAIM 6**

4   **DUE PROCESS VIOLATION:  CHAPTER 17.138 IS UNCONSTITUTIONALLY VAGUE**

5   **AND AMBIGUOUS ON ITS FACE AND AS APPLIED TO PLAINTIFFS**

6   **(AGAINST ALL DEFENDANTS)**

7          333.     The City Defendants reasserts the answers to Paragraphs 1-332.

8          334.     In answering Paragraph 334, City Defendants assert that the Court entered an

9   Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to

10  Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every

11  allegation in Paragraph 334.

12         335.     In answering Paragraph 335, City Defendants assert that the Court entered an

13  Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to

14  Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every

15  allegation in Paragraph 335.

16         336.     In answering Paragraph 336, City Defendants assert that the Court entered an

17  Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to

18  Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every

19  allegation in Paragraph 336.

20         337.     In answering Paragraph 337, City Defendants assert that the Court entered an

21  Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to

22  Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every

23  allegation in Paragraph 337.

24         338.     In answering Paragraph 338, City Defendants assert that the Court entered an

25  Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to

26  Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every

27  allegation in Paragraph 338.

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

83578.00112\40675067.1

- 45 -

3:21-CV-02493 WHO
ANSWER TO FIRST AMENDED
COMPLAINT

339.     In answering Paragraph 339, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 339.

340.     In answering Paragraph 340, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 340.

341.     In answering Paragraph 341, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 341.

342.     In answering Paragraph 342, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 342.

343.     In answering Paragraph 343, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 343.

344.     In answering Paragraph 344, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 344.

345.     In answering Paragraph 345, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice.  Accordingly, no response to Claim 6 is necessary.  To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 345.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

346. In answering Paragraph 346, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice. Accordingly, no response to Claim 6 is necessary. To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 346.

347. In answering Paragraph 347, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice. Accordingly, no response to Claim 6 is necessary. To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 347.

348. In answering Paragraph 348, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice. Accordingly, no response to Claim 6 is necessary. To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 348.

349. In answering Paragraph 349, City Defendants assert that the Court entered an Order on September 26, 2022, dismissing Claim 6 with prejudice. Accordingly, no response to Claim 6 is necessary. To the extent a response is necessary, City Defendants deny each and every allegation in Paragraph 349.

## CLAIM 7

### CHAPTER 17.138 IS UNCONSTITUTIONALLY OVERBROAD ON ITS FACE

### (AGAINST THE CITY)

350. The City Defendants reasserts the answers to Paragraphs 1-349.

351. In answering Paragraph 351, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required. To the extent a response is required, City Defendants deny each and every allegation in Paragraph 351.

352. In answering Paragraph 352, to the extent Plaintiffs have accurately quoted the ordinance, City Defendants admit that the ordinance reads as such. Except as admitted, City Defendants deny each and every other allegation in Paragraph 352.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

353.    In answering Paragraph 353, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 353.

354.    In answering Paragraph 354, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 354.

355.    In answering Paragraph 355, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 355.

356.    In answering Paragraph 356, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 356.

357.    In answering Paragraph 357, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 357.

## CLAIM 8

### VIOLATION OF THE RIGHT OF PRIVACY

### (AGAINST THE CITY)

358.    The City Defendants reasserts the answers to Paragraphs 1-357.

359.    In answering Paragraph 359, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 359.

360.    In answering Paragraph 360, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 360.

361.    In answering Paragraph 361, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 361.

362.    In answering Paragraph 362, City Defendants deny each and every allegation in Paragraph 362.

363.    In answering Paragraph 363, City Defendants deny each and every allegation in Paragraph 363.

364.    In answering Paragraph 364, City Defendants deny each and every allegation in Paragraph 364.

365.    In answering Paragraph 365, City Defendants deny each and every allegation in Paragraph 365.

366.    In answering Paragraph 366, City Defendants assert that the allegations contain Plaintiffs' legal theories and/or legal conclusions to which no response is required.  To the extent a response is required, City Defendants deny each and every allegation in Paragraph 366.

## AFFIRMATIVE DEFENSES

City Defendants assert the following affirmative defenses against each and every claim and cause of action alleged by Plaintiffs.  By asserting the following defenses, City Defendants do not assume the burden of proof on any essential element of Plaintiffs' claims.

## FIRST AFFIRMATIVE DEFENSE

### (Privileged Communications)

City Defendants incorporate by reference the answers and allegations stated above.  As a separate and affirmative defense, City Defendants allege that no relief may be obtained under one or more Claims in the Complaint because Plaintiffs' claims are based on privileged communications.  To the extent that Plaintiffs' claims are based in whole or in part on communications or recommendations made by any of the City Defendants, including, but not limited to, letters sent on May 15, 2020, May 22, 2020, January 25, 2021, February 10, 2021, March 16, 2021, as well as the adoption of the City's current time-share ordinance, then the City Defendants allege that such acts and communications are privileged on the ground that they constitute (i) acts in furtherance of City employees' exercise of official duties, (ii) acts conducted in connection with an official proceeding (including, but not limited to, a potential enforcement action), and/or (iii) acts that concerned a matter of common interest.  As such, these acts and/or

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1   communications are privileged under the official duty privilege, official proceeding privilege
2   and/or common interest privilege set forth in California Civil Code § 47.

3   **SECOND AFFIRMATIVE DEFENSE**

4   **(Lack of Standing – Article III Standing and/or Real Party in Interest)**

5   City Defendants incorporate by reference the answers and allegations stated above.  As a
6   separate and affirmative defense to one or more claims made in the Complaint, City Defendants
7   allege that one or more of the Plaintiffs lacks Article III standing and/or is not the real party in
8   interest.  City Defendants are informed and believe, and based thereon allege, that the Pacaso
9   Homes are owned by limited liability companies, and not directly owned by any of the "Pacaso
10   Homeowner" Plaintiffs.  Consequently, City Defendants allege that one or more of the "Pacaso
11   Homeowner" Plaintiffs lacks Article III standing and/or is not a real party in interest.

12   **PRAYER FOR RELIEF**

13   WHEREFORE, Defendant prays that:

14   1.      That the First Amended Complaint be dismissed with prejudice;

15   2.      That Plaintiffs take nothing by this proceeding;

16   3.      That City Defendants be awarded their costs of suit incurred in the defense of this
17   action;

18   4.      That City Defendants be awarded their reasonable attorneys' fees incurred in the
19   defense of this action as permitted by law; and

20   5.      For such other and further relief as the Court deems just and proper.

21
22   Dated: October 18, 2022                    BEST BEST & KRIEGER LLP
23
24                                              By: /s/ Damian M. Moos
                                                   DAMIAN M. MOOS
25                                                 NICHOLAS H. PYLE
                                                   DAMIAN A. NORTHCUTT
26                                                 Attorneys for Defendants
                                                   THE CITY OF ST. HELENA;
27                                                 PLANNING AND BUILDING
                                                   DIRECTOR MAYA DEROSA; MAYOR
28                                                 GEOFF ELLSWORTH; CITY
                                                   ATTORNEY ETHAN WALSH

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612